Nicholson, C. J.,
delivered the opinion of the court.
Melton sued Edwards before a justice of the peace of Anderson county in replevin for two horses. At the trial, which took place on the 25th of October, 1870, defendant filed his affidavit, in which he stated that he was a special deputy internal revenue collector, and as such, by virtue of a warrant of distraint, issued by the collector for the district, he seized the horses -in controversy as the property of one John Redmour, to satisfy the amount of $254, due from said Redmour as internal revenue tax on whisky made in 1868; and that by the act of Congress the horses so distrained are irrepleviable, and that no State court or justice of the peace has any jurisdiction to issue the writ of replevin, or proceed in the trial of the cause. The justice of the peace gave judgment for the defendant against the plaintiff and his securities on his replevin bond in the sum of $175.
*252 No appeal was taken from this judgment, but, on the 15th of. November, 1870, plaintiff applied to a Circuit Judge for writs of certiorari and supersedeas, which were granted upon his giving bond and security as required by law. On the 17th of November, 1870, the plaintiff filed with the Clerk of the Circuit Court his pauper oath, and thereupon the petition was filed on that day and writs of certiorari and super-sedeas issued.
At the March Term, 1871, of the Circuit Court “the defendant by attorney moved the court to dismiss said petition, and the same having been heard by the court, said motion is sustained and said petitipn and writs are dismissed.” To this proceeding defendant excepted and prayed an appeal to this court, which was granted upon his filing the pauper oath.
The question for our determination is, was there error in the dismissal of the petition? The reason assigned in the petition why the petitioner did not appeal is that “ one E. C. Camp made his appearance before the justice of the peace (at the trial), and by threats and menaces, and as petitioner is advised and believes, by misstatements as to the acts of Congress, awed and intimidated the said justice, and prevented him from trying said action of replevin or hearing proof or permitting the petitioner to establish his right to said property.” He says further, he “would have appealed from said judgment and did demand the same, but was prevented from giving security on his appeal bond by the threats and menaces of the said E. C. Camp, who asserted that to aid the peti *253 tioner in anywise in the prosecution of said action of replevin would constitute a high crime punishable by fine and imprisonment. From these threats arid menaces the friends of petitioner were deterred from going on his appeal bond.”
On the motion to dismiss the petition the allegations are assumed to be true, and so regarding them, it is manifest that petitioner has given a good. excuse for not appealing. As to the merits of petitioner’s application, it appears from the petition that the two horses distrained by defendant for the taxes due by Redmour, were the property of petitioner, and in nowise liable to seizure for the debt of Redmour. He further states that, “as he is advised and believes, the said Edwards is not a lawful and legally appointed deputy collector of internal revenue for the United States; that the character in which he acted in the seizure and detention of said property was assumed— not known nor recognized by the laws of the United States — and that the said Edwards was a trespasser in all that he did in the said proceeding.”
Assuming all this to be true, the petitioner has made out a case unusually meritorious. He has been deprived of his property by an assumption of official authority which was in the highest degree oppressive.
If the petition was dismissed either on the ground that the petitioner failed to give a valid reason for not appealing, or to assign a meritorious cause of action, the action of the court was clearly erroneous.
But it is suggested in argument that the petition was dismissed because of the statements contained in *254 defendant’s affidavit, filed before the justice of the peace. We are at a loss to see upon what ground the court could have made the affidavit the basis of its action. The defendant asserts in his affidavit that he was a regularly appointed and commissioned deputy collector, with authority to make the seizure. If the affidavit could be regarded as a plea to the jurisdiction of the court, it could have no other effect than to make. up an issue as to whether he was a lawful deputy collector, and as such, authorized to distrain the property of plaintiff for the debt of Redmour. The affidavit could not be acted on as evidence, and if the dismissal was based on that as the only evidence, it was entirely erroneous. The record furnishes us no information as to the grounds on which the motion to dismiss was made, nor of the grounds on which the motion was sustained. It was the duty of the counsel for defendant to state upon the record the grounds of his motion, and of the court to state the grounds of its action. But another ground is relied on here to support the action of the court, which presents some difficulty. It is said that the fiat of the Judge for writs of certiorari and supersedeas was made upon the condition that the petitioner should give bond and security, and that the Clerk of the Circuit Court had no power to issue the writs upon the pauper oath of the petitioner. Regarding the act of receiving the pauper oath as a substitute for bond and security in the light of a judicial act, the clerk might have no power to issue the writs unless the fiat had so authorized. The difficulty in the case arises from the *255 failure of the defendant to specify the grounds of his motion to dismiss. If the motion to dismiss had been for want of bond and security, and it had been so specified, the Judge would have had the power and it would have been his duty, either to have allowed the petitioner to supply the defect by giving a bond or by filing his pauper oath. In this view of the case we are not authorized to assume that the motion rested on the want of a bond, but we are rather to presume that the motion was not based upon that ground, and so presuming, we hold that the failure to notify the petitioner of any objection to the pauper oath at' the time was a waiver of the objection, and that it is too late to make the objection in this court.
We therefore conclude that the court erred in dismissing the petition, and reverse the judgment and remand the cause for further proceedings